UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLY SMITH** | : | **CASE NO. 2:19-CV-01111** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CHINA MANUFACTURERS ALLIANCE LLC ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORNADUM ORDER

Before the court is a Motion to Intervene Pursuant to Rule 24 by Patsy Falk and Danny Falk (the "Falks"). Doc. 36. The Motion is opposed by Defendants China Manufacturers Alliance LLC ("CMA") [doc. 39], and Plaintiff Billy Smith ("Smith"). Doc. 40. For the following reasons the Motion is **DENIED**.

### I.
#### BACKGROUND

This case arises from an automobile accident that occurred on or about September 7, 2018. Doc. 1, att. 2, p. 2. Plaintiff Smith alleges that he was traveling westbound on Interstate 10 when one of his truck tires experienced catastrophic failure causing a collision. Doc. 1, att. 2, p. 2. Smith brought a products liability claim against CMA and Double Coin Holdings, Ltd., as distributor and manufacturer of the tire, respectively. Doc. 1, att. 2., pp. 3-7.

The Falks allege that they were driving in a vehicle adjacent to Smith at the time of the accident and that Smith's vehicle struck theirs when the tire failed, causing them injury. Doc. 36, att. 2, ¶ 5-10. The Falks allege that the acts or omissions of Smith, CMA and/or Double Coin were the proximate cause of their injuries and damages. Doc. 36, att. 2, ¶ 8.

Smith originally filed a state-court petition in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, against CMA and Double Coin in July, 2019, bearing docket number 19-3400. Doc. 1, att. 2. On August 23, 2019, CMA removed the case to this court. Doc. 1. On or about September 23, 2019 (after the state-court action had been removed) the Falks allege that they filed a Petition to Intervene in the state-court action bearing docket number 19-3400. Doc. 36, att. 2, ¶ 2-3. Eighteen months later, the Falks filed the instant motion to intervene in this court. Doc. 36.

## II.
### LAW AND ANALYSIS

The Falks move for intervention of right under Fed. R. Civ. P. 24(a), and in the alternative, they seek permissive intervention under Fed. R. Civ. P. 24(b). Doc. 36. The Falks assert that have a claim to any potential proceeds of this lawsuit and are so situated that disposing of the action may, as a practical matter, impair or impede the movants' ability to protect their interest. Doc. 36.

In Opposition, CMA and Smith[1] argue that the Falks' Complaint of Intervention fails to satisfy the four-prong test governing intervention of right under Fed. R. Civ. P. 24(a). Specifically, CMA argues that there can be no intervention of right here because 1) the motion is untimely because it was filed at least 18 months after the Falks first attempted to intervene in the state-court matter, 2) the intervention would prejudice the existing parties who have engaged in substantial discovery in advance of their November, 2022 trial date, and 3) the Falks themselves will not be prejudiced by denial of their motion because their claim is already prescribed or time-barred under Louisiana law. Doc. 39, pp. 2-4. In the alternative, CMA argues that permissive intervention is not appropriate because the motion is untimely. Doc. 39, pp. 4-5.

---

[1] Plaintiff Smith adopts the arguments raised by CMA.

The Falks filed no reply memorandum in response to the arguments raised by CMA and Smith, and the Motion and Complaint of Intervention do not explain why intervention should be available to them under these circumstances, other than to state in conclusory terms that their claims involve common issues of fact with the main demand, and that disposing of this action in their absence could impair their ability to protect their interests. Doc. 36.

### A. Intervention of Right

The Falks assert that they are entitled to intervene in this matter under Fed. R. Civ. P. 24(a)(2), which provides for intervention of right as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> [ . . . ]
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

As a party asserting intervention as of right, the Falks must satisfy four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)). As movant, the Falks bear the burden of establishing these elements, but the court is to construe Rule 24 liberally. *Id.* "Failure to satisfy any one requirement precludes intervention of right." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

CMA argues that the motion to intervene is untimely. Timeliness us judged by four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*St. Bernard Par. v. Lafarge N. Am., Inc*., 914 F.3d 969, 974 (5th Cir. 2019). The relevant starting point for judging timeliness is when a would-be intervenor knew of his interest or knew that interest would no longer be protected by the exiting parties. *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021). Here, it has been more than 18 months since the Falks knew they had a potential interest in this case, as evidenced by their attempt to intervene in the already-removed state court action. Because this length of time has been considered significant in this circuit [*Id.* at 938], and because the Falks do not explain why the motion was delayed for that length of time, the first timeliness factor weighs against the Falks' intervention.

The second factor is prejudice to existing parties resulting from the "would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case." *Rotstain v. Mendez*, 986 F.3d 931, 938 (5th Cir. 2021). CMA argues that the existing parties would be prejudiced by the Falks' intervention because they have exchanged initial discovery, "engaged in substantial written discovery, and taken numerous depositions," all of which would need to be revisited were the Falks to intervene. Doc. 39, p. 3. The *Rotstain v. Mendez* court concluded that an 18-month delay in intervention would prejudice the existing parties in two ways: increasing litigation costs by causing a second round of fact discovery and delaying the ultimate distribution of any sums recovered in the litigation. 986 F.3d 931, 938 (5th Cir. 2021). We agree with CMA that the same concerns apply here and that the existing parties

would be prejudiced by the intervention; this factor therefore weighs against the Falks' intervention.

The third factor is prejudice to the intervenor if the motion for leave is denied. "A movant's burden to show that its interests are not adequately protected is 'minimal' and 'satisfied if the applicant shows that representation of his interest may be inadequate.'" *Rotstain*, 986 F.3d at 939 (quoting *Trbovich v. United Mine Workers of Am.*, 92 S. Ct. 630, (1972)). The fact that they moved to intervene shows that the Falks believe intervention is the best route to protect their interests, but the Falks say little else regarding the prejudice they might suffer if the motion is denied. CMA argues that the Falks will suffer no prejudice because their claims are already prescribed under Louisiana law. Doc. 39, p. 4. Without making a legal determination as to whether the Falks' claims have prescribed, the court finds that this factor is neutral because the Falks have made no arguments concerning it.

The fourth and final factor is whether unusual circumstances weigh in favor of or against intervention. The court finds no such factors because the parties identify none. This factor is also neutral.

Having found that two of the four factors weigh against intervention under FED. R. CIV. P. 24(a) and that the other two factors are neutral, we recommend that the Falks' motion for intervention of right should be **DENIED**.

### B. Permissive Intervention

The Falks also seek leave to intervene under FED. R. CIV. P. 24(b), which allows for "permissive intervention" by one who:

> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1).  As with intervention of right, permissive intervention is allowed only "on timely motion." *Id.*  "Timeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)).

Although it appears from the facts alleged in the motion to intervene that the Falks satisfy subsection (B) because their claims arise from the same incident that gave rise to Smith's, claims, we find the Falks' proposed intervention untimely for the reasons stated in the previous section. *See, e.g.*, *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021).

### III.
#### CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Falks' Motion to Intervene be and the same is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 29th day of March, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE