UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLY SMITH** | : | **CASE NO. 2:19-CV-01111** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CHINA MANUFACTURERS ALLIANCE LLC ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is an emergency motion to quash and/or motion for protective order. Doc. 83. Plaintiffs request a protective order prohibiting the corporate deposition of defendant Shanghai Huayi Group Corporation Ltd. ("SHG") from going forward on September 21, 2022. SHG opposes [doc. 87], and plaintiffs have filed a reply [doc. 88], making this matter ready for resolution.

For the reasons that follow the plaintiffs' motion is **GRANTED**. It is therefore

**ORDERED** that, for the purposes of this litigation **<u>only</u>**, the corporate deposition of SHG will not go forward on September 21, 2022, and that it will be rescheduled to a mutually-agreeable date and time after adequate opportunity for discovery.

### I.
#### BACKGROUND

This case arises from an automobile accident that occurred on or about September 7, 2018. Doc. 1, att. 2, p. 2. Billy Smith[1] filed suit in the 14th Judicial Court for the Parish of Calcasieu, Louisiana, on July 18, 2019. *Id.* The petition alleges that Smith was traveling westbound on

---

[1] Mr. Smith has since passed away. Doc. 44.

Interstate 10 when one of his truck tires experienced catastrophic failure, causing a collision. *Id.* Smith brought products liability claims against China Manufacturers Alliance, LLC ("CMA") and Double Coin Holdings, Ltd., as distributor and manufacturer of the tire, respectively. *Id.*, p. 3-7. Double Coin Holdings, Ltd. is now known as Shanghai Huayi Group Corporation Limited ("SHG"). Doc. 78.

On August 23, 2019, CMA removed the matter to this court. Doc. 1. Plaintiffs attempted to serve defendant SHG via the Hague Service Convention but encountered difficulties. Docs. 61, 68. As of July 16, 2022, SHG had not yet been served, but plaintiffs had requested leave to serve SHG through its U.S. counsel, as an alternative to service through the Hague Convention.[2] Doc. 68. The U.S. counsel SHG sought to serve were already enrolled in this matter as counsel of record for CMA. *Id.*

The record does not reflect that service was ever effected on SHG, but on August 19, 2022, SHG answered the complaint. Doc. 78. One week later, on August 26, 2022, SHG issued a notice of deposition of its *own* corporate representative under Fed. R. Civ. P. 30(b). Doc. 84, att. 2. The notice informed the litigants herein that the remote corporate deposition of SHG "will commence on September 21, 2022 at 8:30 a.m. Hong Kong Standard Time." Doc. 84, att. 2.

While it noticed its own corporate deposition in this matter, SHG issued cross notices of deposition in two other matters pending in Iowa and Alabama, *Doty v. Shanghai Huayi Group Corp., Ltd.*, No. 20-cv-154 (N.D. Ala), and *Frisch v. Shanghai Huayi Group Corp.*, Ltd. No. LACV036461 (District Court for the State of Iowa, Cedar County). Docs, 84, 84, att. 1. SHG's

---

[2] Still pending before this court is Plaintiff's Motion for Alternative Service, wherein Plaintiffs request to forego service attempts under the Hague Convention and seek leave to serve SHG's U.S. counsel Steven H. Bergman of Richards, Brandt, Miller, Nelson in Utah and Mark R. Pharr III of Galloway, Johnson, Tomkins, Burr & Smith, LLC, of Lafayette, Louisiana. Doc. 68. Bergman and Pharr, who have been enrolled on behalf of defendant CMA since August 23, 2019, answered on behalf of SHG on August 19, 2022. Doc. 78.

apparent intention is to avoid having to arrange three different corporate depositions in the three different cases, and SHG suggests that testimony of its representative will be relevant in all three matters the claims in the three cases are similar. Doc. 87, p. 3. The instant motion followed.

## II.
### ANALYSIS

The Federal Rules of Civil Procedure allow the court to make orders necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery matters. Fed. R. Civ. P. 26(c). Protective Orders are governed by Rule 26 (c), which provides in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
>
> **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
>
> [ . . . ]

Fed. R. Civ. P. 26(c)(omission added). Plaintiffs herein seek a protective order forbidding the September 21, 2022, deposition of SHG from going forward in this matter, and the court finds that plaintiffs have shown good cause for such an order.

Plaintiffs herein have been given little notice of the corporate deposition of SHG. In their motion to quash, plaintiffs state that SHG made no attempt to confer with plaintiffs about their availability for the deposition on that date, and SHG does not deny this assertion. Docs. 83, 87. The SHG corporate deposition came about because of the *Doty* plaintiffs' request for the

deposition some nine months ago, and counsel for CMA/SHG and the *Doty* plaintiffs have been working to arrange it ever since.[3]  Doc. 87, p. 3.

Plaintiffs object to SHG's noticing the deposition in this matter because they require more time to prepare for it.  This objection appears well founded.  In their motion to quash, plaintiffs note that they have only recently been able to serve discovery requests on SHG on September 1, 2022, (less than two weeks after SHG made its first appearance) and that those responses nave not yet been answered.  Doc. 83, p. 3.  In response to SHG's arguments that plaintiffs have received relevant SHG documents through co-defendant CMA and that plaintiffs have had plenty of time to prepare for the deposition of SHG, plaintiffs enumerate categories of relevant documents they have not yet received and would like to review before proceeding with SHG's deposition.  Doc. 88, p. 2.

In response, SHG suggests that unilaterally noticing the corporate deposition of its own representative is appropriate in part because of the difficulties it encountered in arranging the deposition with the *Doty* plaintiffs.  Doc. 87.  SHG explains that it took almost nine months to arrange its corporate deposition with the *Doty* plaintiffs because restrictions issued by the Chinese government pertaining to both litigation and Covid-19 quarantine measures have made even remote depositions very difficult to arrange.  Doc. 87.[4]

The court does not doubt the veracity of SHG's assertions about the difficulties it has encountered arranging the *Doty* deposition.  The court is also aware that corporate depositions are costly and time consuming.  SHG draws the court's attention to the Manual on Complex Litigation,

---

[3] It is unclear whether the *Frisch* plaintiffs in Iowa litigation agreed to this arrangement or had prior notice of the deposition.

[4] In their reply brief, Plaintiffs inform the court that CMA and SHG settled with the plaintiffs in the *Doty* matter two days ago, on September 14, 2022.  Doc. 88, p. 2, ¶ 3.  Counsel for CMA and SHG has confirmed this fact with the court and opposing counsel, but counsel suggest that the *Doty* matter is ongoing because claims by the intervenor in *Doty* are unsettled.  Counsel implies that the SHG corporate deposition will go forward because it is still relevant to the *Frisch* matter.

and SHG is correct that the Manual on Complex Litigation encourages the proactive coordination of depositions among different matters, where there will be overlapping testimony:

> Depositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity in complex litigation. The judge should manage the litigation so as to avoid unnecessary depositions, limit the number and length of those that are taken, and ensure that the process of taking depositions is as fair and efficient as possible.

11.45. Depositions, Ann. Manual Complex Lit. § 11.45 (4th ed.). However, while the court favors measures that promote efficiency, the interests of fairness appear to be more pressing here.

SHG urges the court that plaintiffs have failed to bear the "heavy burden" required to quash a deposition, but in the case to which SHG cites the defendant sought to quash the deposition of its *own* corporate representative after it was noticed by the opposing parties. Doc 87, p. 5 (citing *Hanak v. DynCorp Int'l, LLC*, No. CV SA-09-CA-752-FB, 2012 WL 13136448, at *1 (W.D. Tex. Apr. 30, 2012)). SHG cites to no case that would allow SHG to do what it is attempting to do here—*i.e.*, force plaintiffs to take SHG's corporate deposition on SHG's schedule when they are not ready to do so, without the benefit of any discovery responses from SHG, and with less than a month to prepare.

### III.
#### CONCLUSION

For the foregoing reasons, the motion to quash is **GRANTED**.  is therefore

**ORDERED** that, for the purposes of this litigation **only**, the corporate deposition of SHG will not go forward on September 21, 2022, and that it will be rescheduled to a mutually-agreeable date and time after adequate opportunity for discovery.

THUS DONE AND SIGNED in Chambers this 16th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE