UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLY SMITH** | : | **CASE NO. 2:19-CV-01111** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CHINA MANUFACTURERS ALLIANCE L L C ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel filed by plaintiffs, Eric Joseph Simon, Christina Marie Smith, Marshal Wayne Smith, Samantha Jo Smith, and Tammie Smith. Doc. 90. Plaintiffs seek to compel more complete responses to the majority of the requests for production plaintiffs issued to defendants Shanghai Huayi Group, LTD ("SHG") and China Manufacturers Alliance, LLC ("CMA"), along with other related relief. For the reasons stated herein the motion to compel is **GRANTED IN PART** and **DENIED IN PART.**

### I.
#### BACKGROUND

This case concerns a highway automobile accident that occurred on or about September 7, 2018. Doc. 1, att. 2, p. 2, ¶ 3. Decedent Billy Smith was driving a truck when the left-front tire failed, causing a highway accident. Doc. 90, p. 8, ¶ 6. That tire was a Double Coin RR900, tire size 385/65R22.5 (the "Subject Tire"). Another Double Coin tire of the same size, a Double Coin RLB900+, was located at the truck's right-front wheel (the "Companion Tire"). Doc. 90, p. 8 ¶ 6. Plaintiffs allege that the Subject Tire was manufactured at one of two plants owned by defendant

SHG,[1] either its former Shanghai[2] plant or its Rugao plant, both of which are in China. Doc. 90, p. 8. Plaintiffs allege that defendant CMA was the distributor responsible for placing the Double Coin tires into the stream of commerce in Louisiana. Doc. 1, att. 2, p. 3.

Plaintiffs issued two sets of discovery requests to defendants and received responses that plaintiffs assert are generally inadequate. Plaintiffs issued the first set of discovery requests to CMA in March 2020, at a time when SHG had not yet been served. Doc. 90, p. 8-9. CMA provided written responses to the March 2020 discovery on April 20, 2020. Doc. 90, att. 2. Many of CMA's responses to the first set of requests for production state various objections and conclude with a statement that, subject to those objections, CMA will produce "relevant and responsive documents" after court approval of confidentiality and protective order. Doc. 90, att. 2. The court approved the protective order on May 4, 2020. Doc. 26. CMA asserts that it produced documents responsive to plaintiffs' first discovery requests on April 20, 2020, again approximately two weeks later, and again after the May 4, 2020, protective order. Doc. 92, p. 5. Included in that production were documents obtained from SHG, which is represented by the same counsel as CMA. *Id.*

Plaintiffs issued their second set of discovery requests to both CMA and SHG on September 1, 2022. Doc. 90, p. 9. Defendants produced formal written responses on October 4, 2022. Doc. 90, atts. 6-7. Defendants made no accompanying production of documents in response to the 2022 discovery requests. Doc. 90, p. 10. Many of defendants' responses to the 2022 discovery requests recite various objections and state that relevant and responsive documents have

---

[1] *See* doc. 1, att. 2, p. 4. The petition refers to the manufacturer of the tire as Double Coin Holdings, Ltd., f/k/a Shanghai Tire & Rubber Co., Ltd., a/k/a Shanghai Ta Chung Hua Rubber Factory. Doc. 1, att. 2, p. 1, 4. Defendant Shanghai Huayi Group Corporation Limited (SHG") was formerly known as Double Coin Holdings, Ltd. Doc. 78, p. 1.

[2] Defendants assert that the "Shanghai factory was closed in 2017 and there is no information available at that factory any longer." Doc. 92, p. 16.

already been produced or that defendants are unaware of responsive documents. Doc. 90, atts. 6-7.

## II.
### RELIEF REQUESTED

Together, the 2020 and 2022 discovery requests contain 154 individual requests for production ("RFPs"), not counting subparts.[3] The instant motion to compel [doc. 90] raises generalized complaints about the adequacy of defendants' responses to somewhere between 83 and 149 of those requests.[4] Rather than seeking relief as to individual requests for production on an item-by-item basis,[5] the instant motion to compel takes issue with defendants' general approach to discovery, which plaintiffs see as stonewalling and obstructive. Plaintiffs therefore seek global relief from these perceived discovery abuses, seeking a discovery order granting the following broad categories of relief:

> a) Overrule CMA and SHG's unilateral and arbitrary "Relevant Scope" limiting discovery to the only the Subject Tire model, and then compel Defendants' [sic] to produce relevant documents withheld from Plaintiffs under Defendants' self serving "Relevant Scope." Specifically, the scope of discovery should include documents pertaining to the design, the manufacture, and the adjustment and warranty claims data for all sizes of the Subject Tire Model (Double Coin RR900 385/65R22.5), the Companion Tire Model (Double Coin RLB 900+ 385/65R22.5) and similar tire models[6] from the inception of design to present day, from Defendants' Shanghai and Rugao tire manufacturing plants. Plaintiffs also seek documents and

---

[3] Plaintiffs' first set of requests for production to CMA comprises requests numbered 1-39. Doc. 90, att. 2. Plaintiffs' first set of requests for production to SHG comprises requests numbered 1-88. Doc. 90, att. 6. Plaintiffs' second set of requests for production to CMA comprises requests numbered 40-66. Doc. 90, att. 7.

[4] The motion lists over 83 deficient individual responses to requests for production. Doc. 90, p. 20 (individually listing CMA's RFP responses numbered 1-3, 5-23, 33-34, 40-48, 53-55, 58-62, 64-65 and SHG's RFP responses numbered 3, 5-6, 9-10, 13-15, 21-22, 24, 44, 46, 50, 54-55, 58-70, 75-77, 80-84, 86-87). In addition, the parties jointly submitted to chambers two tables, one for each defendant, in compliance with the court's order. Doc. 91. Together, the tables comprise 53 pages and address plaintiff's complaints as to 84 of SGH's responses and 65 of CMA's responses.

[5] Plaintiffs list by number dozens of requests for production and argue that they seek discoverable information, but few individual requests are discussed in detail by either party.

[6] Double Coin RR905 and Dynatrac WB110+ as provided in Ex. 3- M&C Letter.

> depositions from other cases, such as the *Doty*[7] and *Frisch*[8] cases, involving the Subject Tire model, Companion Tire model and similar tire models.[9]
>
> b) Overrule CMA and SHG's improper boilerplate objections by operation of waiver. Specifically, Defendants' [sic] improperly asserted seven conclusory and boilerplate objections to almost all of Plaintiffs' discovery requests without specifying how the request was deficient or how Defendants would be harmed if forced to respond to the request.
>
> c) Compel CMA to formally supplement its responses to Plaintiffs' March 2020 Discovery so Plaintiffs can identify the documents with the corresponding request and then properly determine if the responsive documents correspond to each respective request; and
>
> d) Provide any English translations, or summaries of translations, of relevant documents already in the possession of Defendants or its counsel. To be clear, Plaintiffs do not seek to compel Defendants to bear the burden of translating the documents, but rather to produce any documents that Defendants, or its attorneys, have already translated on their own.

Doc. 90, p. 3 (internal footnotes replicated below).

Defendants respond that they have produced all relevant and responsive documents, that they are not required to produce English-language translations, and that their objections are well founded and sufficiently specific to satisfy the requirements of the Federal Rules of Civil Procedure. Doc. 92. Defendants also suggest that plaintiffs failed to comply with the requirements of Local Rule 37.1 in that plaintiffs did not confer with defendants regarding the subject of this motion to compel, and if they had done so, the motion would be unnecessary. Doc. 92, p. 5.

The court will address each of these areas of plaintiffs' requested relief in turn. The court notes at the outset that, because plaintiffs' motion to compel concerns nearly all of the defendants' responses and because defendants' position seems to be that there are no additional responsive

---

[7] *Doty v. SHG, et al*; Civil No. 2:20-cv-00154-CLM; N.D. of Alabama- Southern Division.

[8] *Frisch v. Shanghai Huayi Group;* Civil No. LACV036461 (U.S. District Court of Iowa).

[9] In its Motion to Quash response, SHG conceded that the Doty case, and by extension the Frisch case, involve claims similar to this action. [DN-87 at 3]. SHG also conceded that the Doty tire is "used for similar purposes" as the Subject Tire model. [DN-87 at 3].

documents to any of plaintiffs 154 requests for production, it would be futile to make findings as to the propriety of any individual requests for production at this time.  Instead, in what may be a first step toward resolving this discovery dispute, the court grants generalized relief in the form of ordering defendants to supplement and clarify their discovery responses.  The court hopes that after the production of defendants' supplemental responses, the parties will determine that their discovery dispute is much less wide ranging than it currently appears to be.  The court issues this order without any prejudice to the plaintiffs' ability to reassert any request for relief after defendants have produced supplemental responses to discovery and without prejudice to the defendants' ability to move for a protective order.  The court trusts that each party approaches this task in good faith.  Should it later be determined that either party fails to do so or that defendants are shielding responsive documents as plaintiffs suggest, negative inferences or sanctions may flow therefrom.

Rule 26(b)(1) of Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case.  Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 98 S. Ct. 2380, 2389 (1978); *see also* FED. R. EVID. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable).  The court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). *Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979). Control of discovery is limited to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

### A. Plaintiffs request that the court reject defendants' attempt to limit the relevant scope of discovery to the Subject Tire model.

Plaintiff's first and most prominent request for relief concerns whether defendants have unilaterally limited the scope of discovery to the Subject Tire itself or in some other way. Doc. 90, p. 8. Defendants respond that "while CMA believes the relevant scope is limited to the RR900, CMA nevertheless produced documents regarding the RLB900+ and RR905 and produced sales and warranty and adjustment information for all of the models that Plaintiffs identified and all sizes of those models." Doc. 92, p. 16.

The court understands defendants' opposition brief to state that defendants have produced all responsive documents for all models of tire that plaintiffs identified, with the possible exception of the Dynatrac WB110+, which is mentioned in plaintiff's motion to compel as a "similar" tire model, [doc. 90, p. 7, n. 1] but is not mentioned in defendant's opposition brief. Doc. 92. Defendants will be ordered to supplement their responses to each request for production to indicate whether materials responsive to any request are being withheld on the basis of tire model number or otherwise.

### B. Plaintiffs seek information relevant to the tire models "from the inception of design to the present day."

Plaintiffs complain that defendants have limited the scope of production to a time period that defendants have unilaterally chosen. Doc. 90, p. 14. Certain of defendants' responses indicate that defendants have narrowed the time frame of responsive documents. *Id.* Defendants will be ordered to supplement their responses to each request for production to indicate whether materials responsive to any request are being withheld based on a date of their creation or otherwise. If

plaintiffs thereafter require specific relief regarding any documents being withheld, they may move for that relief.

**C. Plaintiffs seek information from both the Shanghai and Rugao tire manufacturing plants.**

Plaintiffs allege that the Subject Tire was manufactured at one of two plants owned by defendant SHG: either its former Shanghai plant or its Rugao plant, both of which are in China. Doc. 90, p. 8. Defendants assert that the "Shanghai factory was closed in 2017 and there is no information available at that factory any longer." Doc. 92, p. 16. Defendants state that they "have not withheld any design, manufacturing, or quality control documents. They have provided the design, manufacturing, and quality control documents that SHG was able to obtain, primarily, if not exclusively, from the Rugao factory for the tire at issue (and the RR905 and RLB900+)." Doc. 92, p. 18.

Defendants will be ordered to supplement their responses to each request for production to indicate whether materials responsive to any request are being withheld based on their factory of origin or otherwise. To the extent that documents are unavailable because of the closure of the Shanghai facility, defendants are to specify such, to the extent practical.

**D. Specific request for discovery documents from the *Doty* and *Frisch* cases.**

Plaintiffs state that they seek documents and depositions from other cases involving the Subject Tire or similar tires, such as the *Doty*[10] and *Frisch*[11] cases.[12] Plaintiffs reference SHG's responses to RFPs No. 67 and 69 and CMA's responses to RFPs No. 45 and 47, which seek

---

[10] *Doty v. SHG, et al*; Civil No. 2:20-cv-00154-CLM; (N.D. Ala).

[11] *Frisch v. Shanghai Huayi Group;* Civil No. LACV036461 (District Court for the State of Iowa, Cedar County).

[12] Plaintiffs assert that defendant SHG conceded the relevance of the *Doty* and *Frisch* matters by attempting to schedule its own corporate deposition to take place simultaneously in this matter and those two cases. The court agrees that SHG suggested that testimony of its representative will be relevant in all three matters becasue the claims in the three cases are similar. Doc. 87, p. 3.

documents relating to injury claims and lawsuits pertaining to the subject tire model and any similar tires and depositions taken in those cases. Doc. 90, p. 28-29. Plaintiffs complain that the defendants "state they will produce a copy of any complaints regarding the Double Coin RR900 tires, but Defendants failed to do so[,]" and plaintiffs express incredulity at defendant's assertion that no expert depositions or trial transcripts exist for any such cases.

The requests issued to SHG and SHG's responses read as follows:

> **Request No. 67:** Produce all documents relating to any and all property damage claims, injury claims and lawsuits, paid and unpaid, received by SHG, or of which SHG is otherwise aware, pertaining to the subject tire model, the Double Coin RR900 tire line and any similar tires since 2008.
>
> **Response**: Objection. SHG incorporates the General Objections set forth above as if stated herein. SHG objects to this Request as it seeks documents that are neither relevant to the claims or defenses in this action nor are likely to lead to the discovery of admissible evidence. SHG objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. SHG objects to this Request as unduly burdensome and overly broad as it seeks information over a period of fourteen years on tires other than the model of tire at issue and is not narrowly tailored in scope. SHG objects to this Request on grounds of proportionality as the burden the Request seeks to impose vastly outweighs the benefit, if any, of the documents sought. SHG objects to this Request as it assumes facts and lacks foundation.
> Subject to the foregoing objections, and without waiving them, SHG will produce a copy of any complaints or petitions responsive to this Request regarding Double Coin RR 900 tires.
>
> [ . . . ]
>
> **Request No. 69**: For each alleged claim identified in Request 67 which resulted in formal legal proceedings initiated against SHG, produce copies of any and all deposition and trial transcripts of experts testifying by or on behalf of, SHG.
>
> **Response**: Objection. SHG incorporates the General Objections set forth above as if stated herein. SHG objects to this Request as it seeks documents that are neither relevant to the claims or defenses in this action nor are likely to lead to the discovery of admissible evidence. SHG objects to this Request to the extent it seeks documents subject to the attorney-client privilege and/or the attorney work-product doctrine. SHG objects to this Request as

> unduly burdensome and overly broad as it seeks information over a period of fourteen years on tires other than the model of tire at issue and is not narrowly tailored in scope. SHG objects to this Request on grounds of proportionality as the burden the Request seeks to impose vastly outweighs the benefit, if any, of the documents sought. SHG objects to this Request to the extent it seeks information in the possession, custody, or control of third parties. SHG objects to this Request as it assumes facts and lacks foundation.
>
> Subject to the foregoing objections, and without waiving them, SHG states there are no documents responsive to this Request.

Doc. 90, att. 6, p. 48-49, 51.  Plaintiffs made nearly identical requests to CMA and received nearly identical responses.  Doc. 90, att. 7, p. 9, 12 (RFPs 45, 47).

Defendants argue without citation that information from other litigation involving the same or similar tires must be irrelevant because they "involve different parties, different facts and tires produced at different times" and that any documents of common relevance have already been produced.  Doc. 92, p. 19.  Plaintiffs respond that defendants have conceded the relevance of the proceedings in the *Doty* and *Frisch* matters by attempting to arrange SHG's corporate deposition to take place simultaneously in this matter and those two cases.  The court agrees that SHG suggested that testimony of its representative would be at least partially relevant in all three matters because the claims in the three cases are similar. Doc. 87, p. 3.

Plaintiffs' motion to compel will be granted as to SHG's responses to RFPs No. 67 and 69 and CMA's responses to RFPs No. 45 and 47, insofar as the *Doty* and *Frisch* matters are concerned as well as any other claims that defendants have already identified as relevant and discoverable in SHG's responses to RFP Nos. 67 and 69 and CMA's responses to RFP Nos. 45 and 47.  Defendants are to produce responsive, non-privileged documents, identify any documents or categories of documents withheld for privilege or on the basis of objection, and produce a privilege log if necessary.

### E. Plaintiffs request that the court reject defendants' "boilerplate objections" and consider waived any further objections to those discovery requests.

Plaintiffs characterize approximately 70 of defendants' responses to requests for production as consisting merely of "boilerplate" objections.[13] Plaintiff suggests that such objections are necessarily impermissible under Fed. R. Civ. P. 34(b)(2)(B) because the objections do not "state with specificity the grounds for objecting to the request, including the reasons," and plaintiffs request that the court consider any such objections waived. Doc. 90, p. 10-15.

The court declines to consider defendants' objections waived merely because plaintiff characterizes those objections as "boilerplate." A review of CMA's 2020 discovery responses reveals that many of the objections plaintiffs label "boilerplate" are accompanied by the statement that CMA will produce "relevant and responsive documents in is possession" after the entry of a protective order (which has now occurred), and a review of CMA's and SHG's 2022 discovery responses reveals that many of the objections plaintiffs label "boilerplate" are accompanied by a statement that responsive documents have been produced or that defendants are unaware of responsive documents. Doc. 90, atts. 6-7.

Based on the briefing before the court, the court cannot say that the 70 allegedly "boilerplate" objections are all illegitimate because at least some of them appear to merely preserve objections but indicate that responsive documents have been produced. However, because it is unclear from the responses themselves whether and the extent to which defendants have ever produced the referenced documents, and because it is unclear whether any responsive documents have been withheld based on defendants' objections, defendants will be ordered to supplement their discovery responses to make that information clear.

---

[13] In the discovery table, plaintiffs describe approximately 23 of CMA's and approximately 47 of SHG's objections as "boilerplate."

**F. Plaintiffs request that the court order defendants to provide any English translations, or summaries of translations, of relevant documents already in the possession of Defendants or its counsel.**

Plaintiffs argue that defendants should be required to produce any English translations of the documents produced in discovery, to the extent those translations already exist. Plaintiffs acknowledge the general rule that the Federal Rules of Civil Procedure do not confer the power to order a party responding to discovery to translate those documents at the pretrial stage. Doc. 90, p. 16 (citing *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982)). Plaintiffs clarify that they do not seek to compel Defendants to bear the burden of translating the documents, but rather to produce any documents that Defendants, or their attorneys, have already translated on their own. Plaintiffs cite to *Contretas v. Isuzu Motors, Ltd. of Japan*, No. CIV.SA-98-CA-442-JWP, 1999 WL 33290667, at *3 (W.D. Tex. Apr. 2, 1999) for the proposition that a court may order previously created translations to be produced. Defendants confirm, however, that neither defendant has needed to translate the documents to English in the ordinary course of business, and that enrolled counsel have not arranged for any translation of those documents. Doc. 92, p. 14. Accordingly, plaintiffs' request for translated documents is denied.

**G. Supplemental responses to defendants' 2020 and 2022 discovery requests**

As noted above, many of CMA's responses to the initial 2020 discovery indicate that responsive documents would be produced after the court approved a confidentiality order. Although CMA made a document production thereafter, CMA never provided formal written responses indicating which documents had been produced in response to which requests for production. Plaintiffs explain that "[t]his poses a significant issue because the majority of the documents are in Mandarin-Chinese so Plaintiffs are largely unable to identify which documents are responsive to which RFPs." Doc. 90, p. 15.

Regarding the 2022 discovery responses, plaintiffs identify many responses in which it is unclear whether defendants have produced *all* responsive documents, and plaintiffs suspect that defendants are withholding otherwise responsive documents on the basis of objection or because those documents do not correspond to the defendants' chosen definition of relevance. Doc. 90, p. 20-29.

Defendants' opposition brief repeatedly asserts that defendants have not limited the production of documents based on their scope objections and that defendants are not withholding any responsive documents, stating for example, "it appears that Plaintiffs are arguing that there must be more than what SHG provide to CMA two years ago. There is not." Doc. 92, p. 18. Without casting any doubt on the veracity of these assertions, a review of defendants' discovery responses reveals instances of ambiguity[14] and hair splitting[15] that have apparently caused the plaintiffs to suspect that discoverable materials are being hidden behind artfully-worded discovery responses.

Accordingly, defendants will be ordered to supplement their 2020 and 2022 discovery responses. These supplemental responses will be made with particular attention to Rule

---

[14] For example, when SHG responds that "documents responsive to this request were previously produced by CMA," plaintiff could understand this to mean that *all* documents responsive to that request were previously produced by CMA, or that *some* documents responsive to this request were produced by CMA, making the response ambiguous. For another example, when CMA responds that it "will produce relevant and responsive documents in its possession" the plaintiff could read the word "relevant" as limiting the word "responsive," suggesting that some responsive documents that CMA believes are irrelevant are being withheld. If this is the case, CMA should identify those irrelevant but responsive documents.

[15] *See, e.g.*, SHG's response to RFP No. 15, which seeks quality control standards in effect at the time of the Subject Tire's manufacture, and to which SHG responded that it cannot identify any such documents because "Plaintiffs have not provided sufficient data to determine when the Subject Tire was manufactured" but also that responsive documents were previously produced. Doc. 90, att. 6, p. 14-15. How are the court and plaintiffs to interpret this response except as pedantry? The responsive documents were either unable to be located because the parties cannot pinpoint the date of manufacture, or the documents were previously produced. If the date of manufacture is a barrier to responding to the RFP as written, then defendants should produce responsive documents for the period during which they believe the tire was most likely manufactured and indicate that they have done so. If the responsive documents have already been produced, then there is no need to state that responsive documents cannot be located because of the unknown date of manufacture.

34(b)(2)(C) of the Federal Rules of Civil Procedure, which requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." This provision, added in 2015, was intended to

> end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendment.

### III.
#### CONCLUSION

For the foregoing reasons, the Motion to Compel [doc. 90] is **GRANTED IN PART** and it is hereby **ORDERED** that defendants Shanghai Huayi Group, LTD ("SHG") and China Manufacturers Alliance, LLC ("CMA") are to provide to plaintiffs written supplemental responses to their 2020 and 2022 discovery responses on or before August 25, 2023. Each response to each request for production will:

- Specify whether defendants have produced documents responsive to that request and identify the responsive documents by Bates number or otherwise;

- Specify whether any responsive materials are being withheld or excluded from the scope of defendants' search for responsive materials on the basis of any objection made by defendants, including objections to relevance, proportionality, and undue burden, or for any other reason. Fed. R. Civ. P. 34 (b)(2)(C);

- Identify (*e.g.*, by quantity, location, date range, subject matter, model number, factory of origin, etc.) any documents being withheld from production or excluded from the scope of defendants' search for responsive materials with sufficient particularity to allow the parties and the court to make an informed discussion of the objection according to the factors laid out in Fed. R. Civ. P. 26(b); and

- Reflect a good faith effort to interpret and respond to each request such that any discoverable material sought by that request is produced.

It is further **ORDERED** that plaintiffs' motion to compel is **GRANTED** as to requests for production numbered 67 and 69 issued to SHG and requests for production 45 and 47 issued to CMA, insofar as those requests concern the *Doty* and *Frisch* matters and any documents that defendants have already identified as responsive to those requests that defendants have not yet produced. Responsive materials are to be produced with and identified in the supplemental discovery responses, with a privilege log as necessary.

To the extent plaintiffs seek to declare "boilerplate" objections made as waived and seek production of translated documents that defendants maintain they do not possess, then the motion to compel is **DENIED.**

THUS DONE AND SIGNED in Chambers this 1st day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE