UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BILLY SMITH**                                    **CASE NO. 2:19-CV-01111**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**CHINA MANUFACTURERS ALLIANCE L L C ET AL**       **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court is an omnibus Motion in Limine [doc. 180] filed by defendants China Manufacturers Alliance ("CMA") and Shanghai Huayi Group Corporation Ltd., f/k/a Double Coin Holdings Ltd. ("SHG"). Plaintiffs oppose the motion. Doc. 195.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on September 7, 2018, in Vinton, Louisiana. Doc. 1, att. 2. Plaintiffs allege as follows: On that date, Billy Smith was operating a 2016 Kenworth T880 dump truck while traveling westbound on Interstate 10. *Id.* at ¶ 3. The vehicle was outfitted with Chinese-manufactured steel belt radial truck tires, manufactured by SHG and distributed by CMA under the trade name "Double Coin tires." *Id.* at ¶¶ 6–7. The accident occurred when Smith's tires suffered a catastrophic tread/belt separation, overturning the vehicle and severely injuring Smith. *Id.* at ¶¶ 4, 18.

Smith filed suit in state court on July 11, 2019, raising claims against CMA and SHG, under Louisiana Civil Code article 2315 based on their negligent design,

manufacture, and distribution of the tires.[1] *Id.* at ¶¶ 6–17. CMA removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Smith passed away on September 4, 2021, and his surviving spouse and four adult children were substituted as plaintiffs. Doc. 44, att. 1; doc. 65.

Plaintiffs filed a motion for leave to amend and assert a wrongful death claim in November 2024, three years after Mr. Smith's death. Doc. 117. The magistrate judge has recommended that the motion be denied as futile because any such claim is prescribed. Doc. 184. Plaintiffs have filed an objection to that recommendation. Doc. 212. Defendants now bring this Motion in Limine, asking the court to exclude evidence of Mr. Smith's cause of death. Doc. 180. Plaintiffs oppose the motion. Doc 195.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of

---

[1] The complaint does not explicitly invoke the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51 *et seq.*, but appears to limit its claims to that statute's exclusive theories of recovery. The LPLA's exclusivity for claims against the manufacturer of an allegedly defective product is "well-established" under Louisiana law. *Rivers v. Remington Arms Co.*, 2018 WL 746392, at *2 (E.D. La. Feb. 7, 2018) (citing *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997)). The court has already established through its summary judgment ruling that plaintiffs' claims arise under the LPLA, as they seek to hold SHG liable as manufacturer and CMA liable as its alter ego or exercising sufficient control and influence over SHG, as set forth under La. R.S. 9:2800.53(1)(b) and (d). Doc. 160; *see, e.g.*, *Tuminello v. ABC Ins. Co.*, 381 So.3d 320, 333 (La. Ct. App. 3d Cir. 2024) (LPLA was plaintiff's exclusive remedy against domestic distributor of foreign-manufactured product, where distributor qualified as manufacturer under the statute).

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

B. **Application**

The original complaint seeks recovery for, *inter alia*, Mr. Smith's mental and physical pain and suffering, physical disability and impairment, and lost wages and earning capacity allegedly caused by injuries sustained in the subject accident. Doc. 1, att. 2, p. 6. With the substitution of Mr. Smith's survivors under Federal Rule of Civil Procedure 25 and Louisiana Civil Code article 2315.1, the matter became a survival action. A survival action only permits recovery "for the damages suffered by the victim from the time of injury to the moment of death." *Taylor v. Giddens*, 618 So.2d 834, 840 (La. 1993). Thus,

"[t]he elements of damage for the survival action are pain and suffering, loss of earnings, and other damages sustained by the victim up to the moment of death." *White v. Entergy Gulf States La., LLC*, 167 So.3d 764, 770 (La. Ct. App. 1st Cir. 2014).

Plaintiffs assert that Mr. Smith's cause of death is relevant to his loss of earning capacity claim under the survival action, and that they will "have the burden to prove that the Subject Tire's failure caused/contributed to Billy Smith's death . . . which requires medical expert testimony connecting the causal link between Billy Smith's death and his orthopedic injuries and traumatic brain injury sustained as a result of the Subject Incident." Doc. 195, p. 1. Any claim for lost earning capacity past the time of Mr. Smith's death is extinguished with his death under a survival action, regardless of the cause. If the court accepts the magistrate judge's report and recommendation, damages will be limited to what Mr. Smith himself could have collected for what he suffered in the period between the accident and his death. But if, as plaintiffs posit, Mr. Smith's head injury did cause his decline and eventual death, then his own suffering was magnified. Accordingly, his cause of death is relevant to the question of damages even without a wrongful death claim.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that defendants' Motion in Limine [doc. 180] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of July, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE