UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLY SMITH** | : | **CASE NO.  2:19-CV-01111** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CHINA MANUFACTURERS ALLIANCE LLC, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

## JUDGMENT

Before the court is a Report and Recommendation [Doc. 184] of the Magistrate Judge, recommending that the *Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint* [doc. 117] be denied.

The court has considered the Report and Recommendation of the Magistrate Judge together with the Objections to Report and Recommendations [doc. 212], and after a *de novo* review of the record, finds that the Magistrate Judge's Report and Recommendation is correct. In particular, the court finds that any wrongful death claims could not have related back given the lack of a loss of consortium claim in the original complaint and that the Louisiana Supreme Court's recent decision, *Madden v. Fairburn*, 409 So.3d 747 (La. 2025), cited in plaintiffs' Notice of Supplemental Authority [doc. 169] is inapplicable because the amended petition in that matter involved the same causes of action by the same plaintiff against a new defendant. Here, on the other hand, plaintiffs seek to bring new claims for the first time in their individual capacity well past the one-year prescriptive period for asserting such claims. As the Magistrate Judge noted, under *Ducre v. Mining Safety Appliances Co.*, 634 F.Supp. 696 (E.D. La. 1986) and *Williams v. Boeing Co.*, 23 F.4th 507

(5th Cir. 2022), the wrongful death claims are prescribed and amendment for the purpose of adding them is futile.[1] Accordingly,

**IT IS ORDERED** that *Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint* [doc. 117] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 11th day of July, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] The Magistrate Judge recommended that the plaintiffs otherwise be allowed to amend to formally state their survival claims and bring their pleadings into compliance with federal guidelines. Doc. 184, pp. 12–13. Plaintiffs have done so, without objection from defendants. *See* docs. 232–34. This portion of the Report and Recommendation is therefore likewise adopted but has already been accomplished.