UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BILLY SMITH**                                   **CASE NO. 2:19-CV-01111**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**CHINA MANUFACTURERS ALLIANCE L L C ET AL**     **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion to Reconsider [doc. 225] filed by defendants China Manufacturers Alliance ("CMA") and Shanghai Huayi Group Corporation Ltd., f/k/a Double Coin Holdings Ltd. ("SHG"), in response to the court's Memorandum orders [docs. 213, 214] on defendants' *Daubert* motion and plaintiffs' Motion in Limine [docs. 173, 176]. Plaintiffs oppose the Motion to Reconsider. Doc. 236.

The factual and legal backgrounds for the two motions under reconsideration are provided in the court's prior rulings and incorporated here by reference. Namely, defendants object to (1) the fact that the court did not specifically address Mr. Grima's qualifications to testify as to tire maintenance issues, even if he is not qualified to address causation, and (2) the court's ruling prohibiting substitution of SHG's 30(b)(6) representative, Mr. Su Hongbin, with Ms. Qian Yiting.

Federal Rule of Civil Procedure 54(b) governs reconsideration of interlocutory orders, like the rulings at issue, and leaves "the trial court [] free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an

intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The standard is more flexible than the one applied to reconsideration of final judgments, "reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)) (internal quotations omitted). Given the importance of these issues to the approaching trial, the court will consider the parties' supplemental briefing.

On the issue of Mr. Grima, his opinions on tire failure causation and driver behavior were inextricable from his conclusions and the court has determined that he is not qualified to offer such opinions. To the extent he would limit himself to fleet maintenance, he has also admitted that he does not know whether his prescribed 90-day default preventative maintenance schedule would actually result in more frequent maintenance than the system used by Kent & Smith, based on service hours of the vehicle. Doc. 173, att. 2, pp. 84–86. Such opinions are thus wholly irrelevant and unhelpful to the jury. And if he would only offer opinions on the condition of the tire without venturing into causation, defendants have already admitted that "[e]very expert who has reviewed the tire has noted the numerous punctures on the tire, the stone drilling in the tire, and the wear of the tire. These facts are not in dispute." Doc. 220, p. 11. Finally, the court has also ruled that defense expert Dr. Richard Carr—who also offers opinions on trucking industry maintenance practices and trucking fleet and driver management standards—may rely on Mr. Grima's findings

regarding tire condition even if Mr. Grima does not testify at trial. Accordingly, it finds no basis for reversing its ruling on his exclusion.

As for substitution of the corporate representative, defendants first argue that the "Court's position about remote testimony is contrary to law" and imply that the court is ignorant of the limits placed on depositions of Chinese citizens. Doc. 225, att. 1. But the court acknowledged in its Memorandum Order that plaintiffs would be required to travel to Hong Kong for a video deposition or secure a U.S. visa for the witness. Doc. 214, p. 7. Defendants' declaration from Mr. Su provided that he "cannot travel to the United States in general, including to Louisiana" but did not specifically rule out the far less arduous journey from Shanghai to Macau or Hong Kong. Because that journey is also apparently out of question, however, defendants' decision to not make an earlier substitution is even more perplexing. Instead, defendants waited to disclose Ms. Qian until it was too late for her to be properly deposed before trial. What's more, they have only arranged for her to arrive in the United States for the trial and not at some earlier date when plaintiffs could have adequate opportunity to arrange for an interpreter and depose her.

Defendants maintain that plaintiffs are not prejudiced, because Ms. Qian is bound by Mr. Su's testimony. While she is restricted to the same topics, she is not bound to his answers. She may offer new or different information on behalf of the corporation than Mr. Su provided. Additionally, plaintiffs' experts have already relied on Mr. Su's testimony. To allow potentially supplemental or contradictory testimony from SHG now on the design and manufacture of the subject tires would be highly prejudicial to plaintiffs, because Mr. Su's testimony cannot be used to impeach Ms. Qian. *Accord Roland Corp. v. inMusic*

*Brands, Inc.*, 2022 WL 22907269, at *5 (S.D. Fla. Aug. 19, 2022). Ms. Qian is permitted to testify at trial in her personal capacity **if she can be made available for deposition within the next two weeks**, but Mr. Su's testimony must stand as 30(b)(6) representative for SHG.

For the reasons stated above, the Motion to Reconsider [doc. 225] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 16th day of July, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**